UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SUSAN F. CLADE                                    CIVIL ACTION

VERSUS                                            NO. 06-2304

STONE INSURANCE, INC. and                         SECTION "F"
HIBERNIA NATIONAL BANK

ORDER AND REASONS

Before the Court is Capital One's Motion to Dismiss. For the reasons that follow, the motion is GRANTED and the plaintiff's remaining claims are hereby remanded to the Civil District Court for the Parish of Orleans.

Background

Plaintiff's home flooded during Hurricane Katrina. She received the full amount of her flood insurance policy, which left her owing $51,000 to the present mortgage holder.

Plaintiff alleges that Hibernia (now Capital One), which is the lender that refinanced her home in September 2004,[1] violated certain provisions of "federal and/or state law" that required Capital One to obtain flood insurance if the property owner failed to do so. She claims that Capital One had a duty to ensure that the flood insurance purchased by plaintiff would cover the entire

---

[1] The refinancing of plaintiff's home increased her mortgage from $107,000 to $170,000.

- 1 -

amount of plaintiff's loan from Capital One, without reference to the limitations upon coverage set forth in federal law. (Federal law excludes the value of land from the amount of coverage provided by flood insurance). Plaintiff's lawsuit is an attempt to recover from Capital One that excluded amount.[2]

Capital One now moves to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

I.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion "is viewed with disfavor and is rarely granted." See Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983). The complaint must be liberally construed in the plaintiff's favor, and all facts pleaded in the complaint must be taken as true. See Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986), cert. denied, 476 U.S. 1159 (1986). This Court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997),

---

[2] The other remaining defendant, Stone Insurance, was plaintiff's agent with regard to procuring the flood insurance. Plaintiff contends that Stone Insurance failed to increase the flood insurance policy limits to the required $170,000.

quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II.

Both parties recognize that federal law (the National Flood Insurance Program) does not create a private cause of action. They dispute, however, whether this Court should dismiss the plaintiff's complaint or remand her state law claims to state court.

Plaintiff contends that Capital One was negligent in not assuring that the entire amount of her loan with Capital One was covered by flood insurance. Likewise, she contends that Stone Insurance failed to increase the flood insurance policy limits to the required $170,000, the amount of her mortgage.

No implied private right of action exists under the National Flood Insurance Program. See, e.g., Till v. Unifirst Federal Savings & Loan Association, 653 F.2d 152 (5th Cir. 1981). Plaintiff does not dispute this. Thus, plaintiff's "federal" claim against Hibernia must be dismissed.

Having determined that the claim serving as the only basis for this Court's subject matter jurisdiction must be dismissed, this Court has no jurisdiction over any remaining state law claims.[3]

Accordingly, defendant's motion to dismiss is GRANTED and plaintiff's remaining claims against Capital One and Stone

---

[3] The Court notes that it may examine its own jurisdiction sua sponte. See Fed.R.Civ.P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

Insurance are hereby REMANDED to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, August 14, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE